IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.   4:89cr4004-WS

STEVEN DEAN,   4:97cv109-WS

        Defendant.

_____

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (doc. 837) docketed April 6, 2005. The magistrate judge recommends that the defendant's section 2255 motion, as amended, be denied. The defendant has filed objections (doc. 838) to the report and recommendation.

Having reviewed the record *de novo* in light of the objections, the court has determined that the magistrate judge's report and recommendation must be adopted.

Joseph Smith testified that he saw the defendant, Steven Dean ("Dean"), sell drugs for Jesse Wooden in Tallahassee, Florida, in December of 1987. Smith also testified that there came a time when he (Smith) accompanied Jesse Wooden, Dean, and Clay Capers, among others, on a mission to rob a rival drug dealer named Shine. While he and others waited outside, Smith saw Dean, Charles Hudson and Darren

Hudson enter Shine's Tallahassee apartment and come out with a box of money. That money was divided among the group, including Smith, upon the group's return to Jesse Wooden's "white house." The next day, after Shine shot Capers in retaliation for the robbery, Smith saw Jesse Wooden, Dean and others, all armed with guns, get into a car to go looking for Shine. When the carload of men was unable to find Shine in Tallahassee, they drove to Miami to look for Shine there. Smith testified that he accompanied the group to Miami, where he saw Steven Dean and others beat up a man named John, who was purportedly responsible for Shine's having moved into Jesse Wooden's Tallahassee drug-dealing territory. Smith also saw Jesse Wooden shoot John in the leg after the others had beaten him up. Smith said he returned to Tallahassee with Jesse Wooden after they failed to find Shine.

Smith was asked on direct examination when he returned to Tallahassee. He answered: "This was in, around August of '88." Because Smith was incarcerated from July 14, 1988, until sometime in 1989, and could not have returned from Miami in or around August of 1988, Dean argues that Smith's testimony about Dean's involvement with Jesse Wooden's drug organization must have been false, and Dean's counsel was ineffective for failing to impeach Smith's purportedly false testimony. The magistrate judge correctly rejected Dean's arguments.

That Smith may have been mistaken about dates does not establish that his testimony about Dean's involvement in the drug conspiracy was otherwise false. Counsel's deliberate decision *not* to cross examine Smith about the dates was reasonable and does not support Dean's argument that his counsel was ineffective. Because this court concurs in the conclusions reached by the magistrate judge, it is

ORDERED:

1. The magistrate judge's supplemental report and recommendation (doc. 799), as corrected and clarified by the report and recommendation on remand (doc. 837), is adopted and incorporated by reference in this order of the court.

2. The defendant's section 2255 motion, as amended (docs. 556 & 577), is hereby DENIED.

3. The clerk shall enter judgment accordingly and shall close Case No. 4:97cv109-WS.

DONE AND ORDERED this June 3, 2005.

    /s William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE